UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS MAIA, on Behalf of Himself and All Others Similarly Situated,<br><br>         Plaintiff,<br><br>vs.<br><br>QUDIAN INC., MIN LUO, CHAO ZHU, LI DU, SHILEI LI, YI CAO, LIANZHU LV, CARL YEUNG, MORGAN STANLEY & CO. INTERNATIONAL PLC, CREDIT SUISSE SECURITIES (USA) LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, UBS SECURITIES LLC, STIFEL, NICOLAUS & COMPANY, INC., NEEDHAM & COMPANY, LLC, and NOMURA SECURITIES INTERNATIONAL, INC.,<br><br>         Defendants. | Civil Action No. 17-cv-9796<br><br><u>CLASS ACTION</u><br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff Carlos Maia ("Plaintiff"), individually on behalf of himself and all others similarly situated, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters based on the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of U.S. Securities and Exchange Commission ("SEC") filings by Qudian Inc. ("Qudian" or the "Company"), Company press releases, analyst reports on the Company, media reports, and other publicly disclosed reports and information about the Company. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## I. NATURE OF THE ACTION

1. This is a securities class action seeking to pursue remedies under the strict liability and negligence provisions of the Securities Act of 1933 (the "Securities Act").

2. Plaintiff alleges claims under the Securities Act on behalf of all persons who purchased Qudian American Depository Shares ("ADS") in the Company's October 17, 2017 initial public offering ("IPO" or "Offering") under or traceable to (1) an Amended Registration Statement filed with the SEC on Form F-1/A on October 13, 2017, and (2) a Prospectus filed with the SEC on October 17, 2017 (the "Prospectus") (collectively the "Registration Statement") (the "Class").

3. In the Offering, the company caused the sale of 37.5 million Qudian ADSs at $24.00 per share for gross proceeds of $900 million.

4. In violation of the Securities Act, the Registration Statement contained material untrue statements and omitted material facts as required to be stated in order to make the statements therein not misleading.

5. According to the Registration Statement, Qudian purports to be an online provider of credit products in China:

> As a provider of online credit products, we use big data-enabled technologies, such as artificial intelligence and machine learning, to transform the consumer finance experience in China. We target hundreds of millions of quality, unserved or underserved consumers in China. They are young, mobileactive consumers who need access to small credit for their discretionary spending but are underserved by traditional financial institutions due to their lack of traditional credit data and the operational inefficiency of traditional financial institutions. We believe our operating efficiency and big data analytics capability to understand our prospective borrowers from different behavioral and transactional perspectives, assess their credit profiles and offer them instantaneous and affordable credit products with customized terms distinguishes our business and offerings.

6. On December 13, 2017, Qudian ADSs closed at $13.98 per share, or more than 41% below the IPO price of $24 per share.

## II. JURISDICTION AND VENUE

7. The claims alleged herein are brought under Sections 11 and 15 of the Securities Act, 15 U.S.C. §§ 77k and 77o.

8. This Court has jurisdiction over the claims alleged in the action under Section 22 of the Securities Act and 28 U.S.C. § 1331.

9. Venue is proper in this District under 28 U.S.C. § 1391(b), because Qudian ADSs are listed on the New York Stock Exchange and trade under the symbol "QD", certain of the Defendants maintain offices in this District, and certain of the acts and practices complained of herein occurred in substantial part in this District.

10. In connection with the acts alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

## III. PARTIES

11. Plaintiff Carlos Maia purchased shares of Qudian ADSs pursuant and/or traceable to the IPO as described in the Certification attached hereto and incorporated by reference, and has been damaged thereby.

12. Defendant Qudian is headquartered at 15/F Lvge Industrial Building 1 Datun Chaoyang District, Beijing 100012, The People's Republic of China. As of June 30, 2017, the Company had 1,014 employees. Defendant Qudian was the issuer of the ADSs in the Offering. The Company's agent for service of process in the United States is Law Debenture Corporate Services Inc., located at 400 Madison Avenue, 4th Floor, New York, NY 10017.

13. Defendant Min Luo ("Luo") is the Company's founder, chairman of the Company's

board of directors, and, since the inception of the Company in 2014, has served as its chief executive officer. Defendant Luo signed the Registration Statement.

14. Defendant Chao Zhu ("Zhu") has been a director of the Company since 2015. Defendant Zhu signed the Registration Statement.

15. Defendant Li Du ("Du") has been a director of the Company since February 2016. Defendant Du signed the Registration Statement.

16. Defendant Shilei Li ("Li") has been a director of the Company since March 2017. Defendant Li signed the Registration Statement.

17. Defendant Yi Cao ("Cao") has been a director of the Company since February 2016. Defendant Cao signed the Registration Statement.

18. Defendant Lianzhu Lv ("Lv") has been a director of the Company since November 2015 and has served as the head of the Company's user experience department since 2014. Defendant Lv signed the Registration Statement.

19. Defendant Carl Yeung ("Yeung") has served as the Company's chief financial officer since October 2016. Defendant Yeung signed the Registration Statement.

20. Defendants Luo, Zhu, Du, Li, Cao, Lv, and Yeung are collectively referred to as the "Individual Defendants".

21. Defendants (1) Morgan Stanley & Co. International plc, (2) Credit Suisse Securities (USA) LLC, (3) Citigroup Global Markets Inc., (4) China International Capital Corporation Hong Kong Securities Limited, (5) UBS Securities LLC, (6) Stifel, Nicolaus & Company, Inc., (7) Needham & Company, LLC, and (8) Nomura Securities International, Inc. (collectively referred to as the "Underwriter Defendants") served as underwriters for the Offering and sold millions of Qudian ADSs in the offering, as follows:

| Name | Number of ADSs |
|---|---:|
| Morgan Stanley & Co. International plc | 14,252,850 |
| Credit Suisse Securities (USA) LLC | 5,616,890 |
| Citigroup Global Markets Inc. | 4,914,778 |
| China International Capital Corporation Hong Kong Securities Limited | 6,108,365 |
| UBS Securities LLC | 4,212,670 |
| Stifel, Nicolaus & Company, Inc. | 819,148 |
| Needham & Company, LLC | 945,187 |
| Nomura Securities International, Inc. | 630,112 |
| **Total:** | 37,500,000 |

22.     The Underwriter Defendants drafted and disseminated the Registration Statement. The Underwriter Defendants' failure to conduct an adequate due diligence investigation was a substantial factor leading to the harm complained of herein.

**IV.     FACTS AND BASIS FOR LIABILITY**

23.     The Registration Statement was negligently prepared and, as a result, contained untrue statements of material fact, omitted material facts necessary to make the statements contained therein not misleading, and failed to make adequate disclosures required under the rules and regulations governing the preparation of such documents.

24.     The Registration Statement represented the following concerning the Company's risks regarding security breaches and unauthorized access to its customers confidential information:

> *Any significant disruption in our information technology systems, including events beyond our control, could prevent us from offering our products, thereby*

5

*reduce the attractiveness of our products and result in a loss of borrowers or institutional funding partners. . . .*

Any interruptions or delays in our service, whether as a result of . . . security breaches, whether accidental or willful, could harm our relationships with borrowers and institutional funding partners and our reputation. . . .

*Misconduct and errors by our employees and parties we collaborate with could harm our business and reputation.*

We are exposed to many types of operational risks, including the risk of misconduct and errors by our employees and parties that we collaborate with. Our business depends on our employees and/or business partners to interact with users, process large numbers of transactions, deliver merchandise purchased by borrowers, providing user and after-sale product services and support the collection process, all of which involve the use and disclosure of personal information. We could be materially and adversely affected if transactions were redirected, misappropriated or otherwise improperly executed, if personal information was disclosed to unintended recipients or if an operational breakdown or failure in the processing of transactions occurred, whether as a result of human error, purposeful sabotage or fraudulent manipulation of our operations or systems. It is not always possible to identify and deter misconduct or errors by employees or business partners, and the precautions we take to detect and prevent this activity may not be effective in controlling unknown or unmanaged risks or losses. If any of our employees or business partners take, convert or misuse funds, documents or data or fail to follow our rules and procedures when interacting with users, we could be liable for damages and subject to regulatory actions and penalties. We could also be perceived to have facilitated or participated in the illegal misappropriation of funds, documents or data, or the failure to follow our rules and procedures, and therefore be subject to civil or criminal liability. Any of these occurrences could result in our diminished ability to operate our business, potential liability to users, inability to attract users, reputational damage, regulatory intervention and financial harm, which could negatively impact our business, financial condition and results of operations.

*If we are unable to protect the confidential information of our users and adapt to the relevant regulatory framework as to protection of such information, our business and operations may be adversely affected.*
We collect, store and process certain personal and other sensitive data from our users, which makes us an attractive target and potentially vulnerable to cyber-attacks, computer viruses, physical or electronic break-ins or similar disruptions. While we have taken steps to protect the confidential information that we have access to, our security measures could be breached. Because techniques used to sabotage or obtain unauthorized access to systems change frequently and generally are not recognized until they are launched against a target, we may be unable to anticipate these techniques or to implement adequate preventative measures. Any

accidental or willful security breaches or other unauthorized access to our system could cause confidential user information to be stolen and used for criminal purposes. Security breaches or unauthorized access to confidential information could also expose us to liability related to the loss of the information, time consuming and expensive litigation and negative publicity. If security measures are breached because of third-party action, employee error, malfeasance or otherwise, or if design flaws in our technology infrastructure are exposed and exploited, our relationships with users could be severely damaged, we could incur significant liability and our business and operations could be adversely affected.

25. These representations were untrue statements of material facts and omitted material facts necessary to make the statements contained therein not misleading because the Registration Statement did not disclose that, at the time of the Offering, the Company's security measures for protecting its customers' confidential information had already been breached or that the Company had experienced unauthorized access to its customers confidential information, exposing the Company to liability as related to (i) the loss of the information, (ii) impending litigation, and (iii) negative publicity.

26. Item 303 of SEC Regulation S-K, 17 C.F.R. §229.303(a)(3)(ii), requires defendants to "[d]escribe any known trends or uncertainties that have had or that the registrant reasonably expects will have a material favorable or unfavorable impact on the sales or revenues or income from continuing operations." Similarly, Item 503 of SEC Regulation S-K, 17 C.F.R. §229.503, requires in the "Risk Factor" section of registration statements and prospectuses "a discussion of the most significant factors that make the offering speculative or risky" and requires each risk factor to "adequately describe[] the risk."

27. The failure of the Registration Statement to disclose the leak of Qudian customer information violated 17 C.F.R. §229.303(a)(3)(ii) because these undisclosed facts would have an unfavorable impact on the Company's sales, revenues, and income from continuing operations. This failure also violated 17 C.F.R. §229.503 because these specific risks were not adequately

described.

## V. CLASS ALLEGATIONS

28. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Class, as defined above. Excluded from the Class are Defendants and their families, the officers, directors, and affiliates of the Defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

29. The members of the Class are so numerous that joinder of all members is impracticable. Qudian ADSs is traded on the NYSE and over 37.5 million of shares were sold in the IPO. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds of members in the proposed Class.

30. Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

31. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

32. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are: (i) whether Defendants violated the Securities Act; (ii) whether statements made by Defendants to the investing public in the Registration Statement misrepresented material facts about the business and operations of Qudian; and (iii) to what extent the members of the Class have sustained damages and the proper measure of damages.

33. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## COUNT I

### Violations of Section 11 of the Securities Act
(Against All Defendants)

34. Plaintiff repeats and realleges ¶¶ 1-33 by reference.

35. This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class.

36. The Registration Statement for the IPO was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

37. Qudian is the registrant for the IPO. The Defendants named herein were responsible for the contents and dissemination of the Registration Statement.

38. As issuer of the shares, Qudian is strictly liable to Plaintiff and the Class for the misstatements and omissions.

39. None of the Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

40. By reason of the conduct alleged herein, each Defendant violated Section 11 of the Securities Act.

41. Plaintiff acquired Qudian ADSs pursuant and/or traceable to the Registration Statement for the IPO.

42. Plaintiff and the Class have sustained damages. The value of Qudian ADSs has declined substantially subsequent to and due to Defendants' violations.

43. At the time of their purchases of Qudian ADSs, Plaintiff and other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein.

## COUNT II

### Violations of Section 15 of the Securities Act
(Against the Individual Defendants)

44. Plaintiff repeats and realleges ¶¶ 1-33 by reference.

45. This Count is brought pursuant to Section 15 of the Securities Act against the Individual Defendants.

46. The Individual Defendants each were control persons of Qudian by virtue of their positions as directors and/or senior officers of Qudian. The Individual Defendants each had a series of direct and/or indirect business and/or personal relationships with other directors and/or officers and/or major shareholder of Qudian.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A. Determining that this action is a proper class action, designating Plaintiff as Lead Plaintiff and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

B. Awarding compensatory damages in favor of the Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C. Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D. Awarding such equitable/injunctive or other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

DATED: December 14, 2017

        KAPLAN FOX & KILSHEIMER LLP

        By:    */s/* Jeffrey P. Campisi

        Jeffrey P. Campisi
        850 Third Avenue; 14th Floor
        New York, NY 10022
        Phone: (212) 687-1980
        Fax: (212) 687-7714
        jcampisi@kaplanfox.com

        *Counsel for Plaintiff and the Proposed Class*

## CERTIFICATION

I, Carlos Maia, hereby certify as follows:

1. I have reviewed a complaint prepared against Qudian Inc. alleging violations of the securities laws and authorize the filing of the complaint.

2. I did not purchase the securities that are the subject of this action at the direction of plaintiff's counsel or in order to participate in any private action arising under the federal securities laws.

3. I am willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial if necessary. I fully understand the duties and responsibilities of the Lead Plaintiff under the Private Securities Litigation Reform Act of 1995, specifically concerning my selection and retention of counsel and overseeing and directing the prosecution of the action on behalf of the class.

4. My transactions in Qudian Inc. ADRs during the proposed class period, are set forth below:

| Security | Transaction | Trade Date | Price Per Share |
|---|---|---|---|
| QD | Purchase 2,000 ADRs | 11/17/17 | 23.50 |
| QD | Purchase 2,000 ADRs | 11/17/17 | 22.60 |
| QD | Sell 2,500 ADRs | 11/24/17 | 12.67 |
| QD | Sell 200 ADRs | 11/24/17 | 12.66 |
| QD | Sell 1,300 ADRs | 11/24/17 | 12.66 |

5. I have not sought to serve as a representative party on behalf of a class in any action under the federal securities laws filed during the three-year period preceding the date of this Certification.

6. I will not accept any payment for serving as a representative party on behalf of a class beyond my pro-rata share of any recovery, except as ordered or approved by the court, including any award to a representative plaintiff of reasonable costs and expense directly related to the representation of the class.

I declare under penalty of perjury that the foregoing is true and correct, executed on this _____ day of December, 2017.

_____
CARLOS MAIA

Scanned by CamScanner